## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON CONNER, as legal guardian of R.C., individually and on behalf of all others similarly situated, | Civil Action No. |
| | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| v. | |
| CONTINUUM HEALTH ALLIANCE, LLC and CONSENSUS MEDICAL GROUP, LLC, d/b/a CONSENSUS HEALTH, | |
| Defendants. | |

TO:    CHIEF JUDGE AND JUDGES OF THE
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

    Clerk's Office, Law Division
    Burlington County Superior Court
    County Office Building
    49 Rancocas Road
    Mount Holly, New Jersey 08060

    Vicki J. Maniatis, Esq.
    MILBERG COLEMAN BRYSON
    PHILLIPS GROSSMAN PLLC
    100 Garden City Plaza, Suite 500
    Garden City, New York 11530
    Attorneys for Plaintiff Jason Conner, as legal guardian of R.C.
    and others alleged to be similarly situated

    David K. Leitz, Esq.
    MILBERG COLEMAN BRYSON
    PHILLIPS GROSSMAN PLLC
    5335 Wisconsin Ave NW, Suite 440
    Washington, D.C. 20015-2052

    A. Brooke Murphy, Esq.
    MURPHY LAW FIRM
    4116 Willis Rogers Pkwy, Suite 700
    Oklahoma City, OK 73108

1

**PLEASE TAKE NOTICE THAT** Defendants Continuum Health Alliance, LLC ("Continuum"), and Consensus Medical Group, LLC, d/b/a Consensus Health ("Consensus") (collectively "Defendants"), by and through the undersigned counsel, respectfully remove this putative class action from the Superior Court of New Jersey, Law Division, Burlington County to the United States District Court for the District Court of New Jersey. Removal is made pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453(b), on the grounds of subject-matter jurisdiction under the Class Action Fairness Act ("CAFA")[1]. As grounds for removal, Defendants provide the "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), below.

## I.    NATURE OF THE ACTION AND PENDING LAWSUITS.

1.    On or about May 3, 2024, Plaintiff Jason Conner ("Plaintiff" or "Conner"), as legal guardian of R.C., on behalf of himself and as a representative of a putative class of similarly situated persons, filed a Class Action Complaint with a Demand for a Jury Trial (the "Complaint") against Defendants in the Superior Court of New Jersey, Burlington County, Law Division, captioned *JASON CONNER, as legal guardian of R.C., individually and on behalf of all other similar situated v. CONTINUUM HEALTH ALLIANCE, LLC and CONSENSUS MEDICAL GROUP LLC, d/b/a CONSENSUS HEALTH,* Docket No. BUR-L-000903-24 (the "Conner State Court Action"). A copy of the Complaint is attached hereto as **Exhibit A.**

2.    Defendants were served with the Complaint no earlier than May 8, 2024. A copy of the proof of service is attached hereto as **Exhibit B.**

3.    Therefore, this Notice of Removal is filed within 30 days of service upon Defendant and is timely filed pursuant to 28 U.S.C. § 1446.

---

[1] By removing this proceeding, Defendants do not waive, and shall not be deemed to have waived, any available defenses or rights they may have to Plaintiff's Complaint.

4.    Exhibits A and B constitute all of the process, pleadings and orders served on Defendants prior to the removal of this action.

5.    The Complaint asserts that cybercriminals infiltrated Defendants' computer network and improperly accessed information ("the Alleged Data Breach"), including the personally identifiable information ("PII") and protected health information ("PHI") (collectively, "Personal Information") of 377,119 individuals, including Plaintiff. (Ex. A, Complaint, ¶¶ 1-6.) Plaintiff, on behalf of himself and the putative class, seeks to certify a class of individuals "whose Personal Information was compromised as a result of the…Alleged Data Breach." (Ex. A, Complaint, ¶ 104.) The Complaint asserts causes of actions for negligence, breach of implied contract, breach of fiduciary duty, unjust enrichment, and declaratory/injunctive relief. *See* Ex. A, Compl. at Counts 1 through 5.

6.    The Alleged Data Breach has presently engendered the filing of nine lawsuits in total[2], including four New Jersey District Court actions[3] (the "Federal Cases"), and five New Jersey state court actions (the "State Cases"): *PADRO v. CONTINUUM HEALTH ALLIANCE, LLC*, 1:24-cv-05850-ESK-AMD, (the "Padro Litigation") (the Padro Litigation was the first filed case of the nine); *MHREZ et al v. CONTINUUM HEALTH ALLIANCE, LLC*, 2:24-cv-06301, (the "Mhrez Litigation"); *DRESSEL v. CONTINUUM HEALTH ALLIANCE, LLC*, 1:24-cv-06176-ESK-AMD, (the "Dressel Litigation"); *FRANCIS v. CONTINUUM HEALTH ALLIANCE, LLC*, 1:24-cv-05927-ESK-AMD, (the "Frances Litigation"); *WILLIAMS LORETTA v. CONTINUUM HEALTH ALLIANCE, et al.*, BUR-L-000952-24, (the "Loretta Litigation");

---

[2] As of June 2, 2024.

[3] All pending New Jersey District Court cases contain similar, if not identical, facts and claims. Notably, they also allege that the District Court has subject matter jurisdiction pursuant to CAFA, because the amount in controversy exceeds $5 million, exclusive of interest and costs, and there are over 300,000 members in the proposed class, many of whom are citizens of states different from Defendant(s).

*THERESA LONGMORE v. CONTINUUM HEALTH ALLIANCE, LLC, et al.*, BUR-L-000950-24, (the "Longmore Litigation"); *MICHAEL ARONS v. CONTINUUM HEALTH ALLIANCE, et al.*, BUR-L-000932-24, (the "Arons Litigation"); *KIM DIAZ v. CONTINUUM HEALTH ALLIANCE, LLC*, MON-L-001547-24, (the "Diaz Litigation"); and the Conner State Court Action, (collectively, the "Pending Lawsuits"). The Complaints in the Pending Lawsuits are collectively attached as **Exhibit C.**

7.     For purposes of judicial economy, Defendants intend to remove the four State Court Cases to this Court and then confer with or move the Court to relate or consolidate all Pending Lawsuits into a single action.

## II.     REMOVAL IS PROPER UNDER CAFA.

8.     The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), was enacted to expand federal jurisdiction over class actions. See *Walsh v. Defs., Inc.,* 894 F.3d 583, 586 (3d Cir. 2018) (citing *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 595 (2013)); *Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 148-49 (3d Cir. 2009). Specifically, CAFA, as amended, "is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S.Rep.No. 109-014 at 43.

9.     Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10.    Plaintiff filed the Complaint "on behalf of himself and all others similarly situated." (Ex. A, Complaint, at p. 1, *passim*; see also id. ¶¶ 103-116 (consisting of Plaintiffs' "Class Action Allegations").)

11.    The New Jersey Court Rule governing the maintenance of class actions, New Jersey Court Rule 4:32, is analogous to Federal Rule of Civil Procedure Rule 23 and authorizes an action to be brought by one or more persons as a class action if the underlying requirements are met.

12.    The Conner State Court Action therefore falls within the definition of a "class action" under CAFA.

13.    Removal is proper under CAFA where a purported class action is filed in which: (a) there are 100 or more purported class members, (b) there is minimal diversity of citizenship, and (c) the aggregate amount in controversy for the entire proposed class exceeds $5,000,000, exclusive of costs and interest. See 28 U.S.C. § 1332(d)(2); *Judon v. Travelers Prop. Cas. Co. of Am.,* 773 F.3d 495, 500 (3d Cir. 2014) (internal citations omitted).

14.    This action meets all criteria for removal under CAFA.

15.    Moreover, venue is proper in this Court because the District Court for the District of New Jersey is the federal district within which the Conner State Court Action is pending. *Id.*

**A.    The Putative Class Action Contains One Hundred or More Members.**

16.    Plaintiff purports to represent a class of "All persons residing in the United States whose Personal Information was compromised as a result of the Continuum Alleged Data Breach." (Ex. A, Complaint, ¶ 104.)

17.    Plaintiff further asserts that the Alleged Data Breach affected 377,119 individuals. (Ex. A, Complaint, ¶ 3.)

18.     Plaintiff also alleges that the putative class is "believed to be so numerous that joinder of all members is impracticable." (Ex. A, Complaint, ¶ 107.) Plaintiff further alleges that as a result of the Alleged Data Breach, cybercriminals can now "wreak havoc on the financial and personal lives of thousands of individuals…" (Ex. A, Complaint, ¶ 10.)

19.     Based on these and other allegations in the Complaint, the aggregate number of class members in Plaintiffs' proposed class is at least 100 people, for purposes of satisfying 28 U.S.C. § 1332(d)(5).

### B.     The Parties Are Minimally Diverse.

20.     Under CAFA, there is "minimal diversity" so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Courts consider the citizenship of all putative class members—both named and unnamed. *Id.* § 1332(d)(1)(D). Courts determine citizenship of the members of the proposed class as of the date of filing of the complaint. *Id.* § 1332(d)(7).

21.     CAFA provides that "an unincorporated association [such as a limited liability company] shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." U.S.C. § 1332(D)(10). Thus, as one court aptly explained: "CAFA uses a different measuring stick for the citizenship of a limited liability company than the more common statutory provision that governs diversity jurisdiction in non-CAFA cases. [Citations.] Under the CAFA, an LLC is a citizen of the state where it is organized the state where it has its principal place of business, not the state(s) where each of its members is a citizen." *Calchi v. TopCo Assocs., LLC,* 676 F. Supp. 3d 604, 607 (N.D. Ill. 2023); see also *Ferrell v. Express Check Advance of S.C. LLC,* 591 F.3d 698, 699–700 (4th Cir. 2010) ("for purposes of determining subject matter jurisdiction under [CAFA], a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a

citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Davis v. HSBC Bank Nevada, N.A.,* 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (under CAFA, a limited partnership is citizen of the state where it has its principal place of business and the state under whose laws it is organized).

22.     Defendant Continuum is and was at all material times in this action, a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located in New Jersey. (Delaney Declaration ¶ 3). Therefore, Defendant Continuum is a citizen of Delaware and New Jersey for purposes of diversity under CAFA.

23.     Defendant Consensus is and was at all material times in this action, a limited liability company, organized under the laws of the State of New Jersey with its principal place of business located in New Jersey. (Ex. A, Complaint ¶ 18). Therefore, Defendant Consensus is a citizen of New Jersey for purposes of diversity under CAFA.

24.     Thus, if any one member of the putative class is a citizen of state other than New Jersey or Delaware, minimum diversity under CAFA is satisfied.

25.     As explained *ante*, Plaintiff seeks to certify a class of persons "residing in the United States whose Personal Information was compromised as a result of the Continuum Data Breach." Ex. A, Complaint, ¶ 104. Plaintiff also alleges Defendants "caused substantial harm and injuries to Plaintiff and Class members ***across the United States***". (Ex. A, Complaint, ¶ 9). (emphasis added). As such, the class is clearly ***not*** limited to only New Jersey and Delaware residents.

26.     Indeed, two class representatives from the Pending Lawsuits, who are part of the putative class, are from Pennsylvania. (See Ex. C., Pending Lawsuits, at *Padro* Complaint, ¶ 11, Complaint, *Longmore* Complaint, ¶ 7.) Likewise, Continuum has received notice from the Office

of the Maine Attorney General that 27 residents of Maine were allegedly affected by the Alleged

Data Breach. (Delaney Declaration ¶ 4; Ex. D (Office of Maine Attorney General Notice).)

27.     Accordingly, because at least one member of the putative class is a citizen of a

state other than Delaware and New Jersey, diversity exists for purposes of removal under CAFA.

See 28 U.S.C. § 1332(d)(2)(A).

### C.     The Amount in Controversy Exceeds The Jurisdictional Minimum.

28.     Defendants deny that Plaintiff states any viable claims and further deny that

Plaintiff and the putative class members are entitled to any relief. Nevertheless, the allegations of

the Complaint and the nature of the Plaintiff's claims are such that Defendants, reasonably and in

good faith, assert that the amount in controversy exceeds CAFA's jurisdictional threshold of $5

million, exclusive of interests or costs. See U.S.C. § 1332(d)(2),(6).

29.      CAFA provides that "the claims of the individual class members shall be

aggregated to determine whether the matter in controversy exceeds the sum or value of

$5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

30.     Where, as here, "the plaintiff's complaint does not state the amount in

controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*

*v. Owens,* 574 U.S. 81, 84 (2014). To remove under CAFA, "a defendant's notice of removal

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the

plaintiff contests, or the court questions, the defendant's allegation." *Id.*

31.     "In removal cases, determining the amount in controversy begins with a reading

of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d

392, 398 (3d Cir. 2004). Because Plaintiff's Complaint does not state the exact amount in

controversy, the Court must perform an independent appraisal of the amount in controversy and,

in doing so, may rely upon facts alleged in Defendants' Notice of Removal, as well as those alleged in Plaintiff's Complaint. *See Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007) 507 F.3d at 197 ("In addition, to determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court."); *Russ v. Unum Life Ins. Co.*, 442 F.Supp.2d 193, 197 (D.N.J. 2006) ("If the complaint is open-ended and does not allege a specific amount, the court must perform an independent appraisal of the value of the claim by looking at the petition for removal or any other relevant evidence.").

32.    Additionally, to determine the amount in controversy, a court must aggregate "the claims of individual class members." 28 U.S.C. § 1332(d)(6). Thus, CAFA instructs "the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Std. Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592 (2013).

33.    Plaintiff alleges that there are approximately 377,119 victims of the Alleged Data Breach and that the retrieved PII/PHI includes "names, dates of birth, addresses, phone numbers, Social Security numbers, medical information, and health insurance information." (Ex. A, Complaint, ¶¶ 3, 25.)

34.    Prior lawsuits involving Alleged Data Breaches, particularly those involving the disclosure of protected health or personal information, routinely reach settlements or verdicts in excess of the jurisdictional minimum. *See* Request for Judicial Notice[4], filed contemporaneously herewith.

---

[4] Pursuant to the Federal Rules of Evidence, a Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

35.    Although Plaintiff does not specify an amount in controversy, Plaintiff alleges that he and the putative class have suffered "devastating financial and personal losses," including: "(i) invasion of privacy; (ii) theft of their Personal Information; (iii) lost or diminished value of Personal Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Alleged Data Breach; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Alleged Data Breach; (vii) experiencing an increase in spam calls, texts, and/or emails; (viii) statutory damages; (ix) Plaintiff's Personal Information being disseminated on the dark web; (x) nominal damages; and (xi) the continued and certainly increased risk to their Personal Information…" (Ex. A, Complaint, ⁋ 149.)

36.    Plaintiff further alleges that he and the putative class have suffered anxiety, emotional distress, loss of privacy and other non-economic losses. (Ex. A, Complaint, ⁋ 150.) Plaintiff also alleges that he and all the Class Members "will need to have identity theft monitoring protection for the rest of their lives." (Ex. A, Complaint, ¶¶ 81, 84.)

37.    In addition to actual damages (both economic and non-economic), Plaintiff seeks punitive damages, restitution, disgorgement, attorneys' fees, costs, expenses and all other relief authorized by law. (Ex. A, Complaint, ¶¶ 15, 108, 154, 178; *see also* Prayer for Relief.)

38.    While Defendants contest any liability whatsoever under any theory and in any amount, based upon a fair reading of this Notice of Removal together with the Complaint, including consideration of the relief sought, taking into account punitive damages, which could statutorily be recovered up to five times the amount of compensatory damages, attorneys' fees,

---

reasonably be questioned. Fed R. Evid. 201(b); *see also U.S. v. Carr*, 25 F.3d 1194, 1203 (3d Cir. 1994).

the class definition, and the scope of the putative class, the Complaint seeks damages that exceed the minimum jurisdictional amount of $5,000,000 under CAFA.

39.    At a minimum, the amount in controversy should be determined based on these claims. *See Frederico,* 507 F.3d at 198–99 (3d Cir. 2007) (holding that compensatory damages, punitive damages, and attorney's fees available to putative class must be considered when calculating amount in controversy); *see also Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3d Cir. 2019) (attorney fees do count for amount-in-controversy threshold for jurisdiction under CAFA); *Bosco v. Compass Grp. USA, Inc.*, 22CV06909JXNJRA, 2023 WL 6158702, at *6 (D.N.J. Sept. 21, 2023), report and recommendation adopted, CV2206909JXNJRA, 2023 WL 6795085 (D.N.J. Oct. 13, 2023) (punitive damages, compensatory damages, and attorneys' fees considered when calculating amount in controversy under CAFA).

40.    Therefore, the total amount in controversy alleged in this case, exclusive of interest and costs, clearly exceeds the jurisdictional minimum when taking into account the number of putative class members, the value of the relief sought by Plaintiff and the putative class, and the potential punitive damages and attorneys' fees.

**D.    The CAFA Exceptions Do Not Apply.**

41.    This action does not involve (i) a claim concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933(15 U.S.C. §78p(f)(3)) and section 28(f)(E) of the Securities Exchange Act of 1934 (15 U.S.C. §78bb(f)(5)(E)); (ii) a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or (iii) a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under

section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. §77b(a)(1) and the regulations issued

thereunder). 28 U.S.C. §§ 1332(d)(9), 1453(d).

42.     Accordingly, the CAFA exceptions set forth in 28 U.S.C. §§1332(d)(3),

1332(d)(4), 1332(d)(9) and 1453(d), do not apply[5].

### III.     REMOVAL IS PROCEDURALLY PROPER.

43.     A notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. 28

U.S.C. § 1446(b). Defendants were served with the State Court Action on or about May 8, 2024.

*See* Ex. B, Proof of Service. Accordingly, less than thirty days have elapsed between receipt of

the Complaint and the filing of this Notice of Removal and, thus, this Notice of Removal is

timely.

44.     Defendants will pay the appropriate filing fee to the Clerk of this Court upon the

filing of this Notice.

45.     Defendants will concurrently file a Notice of Filing of Notice of Removal with

the Clerk of the state court in which the Conner State Court Action was pending and serve a copy

on Plaintiff's counsel, pursuant to 28 U.S.C. §§ 1446(a) and (d).

46.     Defendants have not answered the Conner State Court Action, nor has their time

to answer or otherwise file a responsive pleading expired.

### IV.     RESERVATION OF RIGHTS

---

[5] Defendants further posit that the Padro Litigation was filed first. To the extent the Court disagrees
and takes issue with precise timing of filing (the Conner State Court Action was filed at 9:14 pm),
the Court, for interest of justice and with consideration of the four pending Federal Cases which will
remain in this Court, and Defendants' intent to remove all the State Cases (upon information and
belief, all the plaintiffs in the State Cases will not move to remand) and then move to consolidate,
should at least deem the Padro Litigation and Conner State Court Action filed simultaneously and
deem both, the earliest filed cases. This would conserve judicial resources, expedite pretrial
proceedings, and reduce duplicative efforts.

47.     By filing this Notice of Removal, Defendants do not waive any defenses available to them. Defendants do not admit, and in fact specifically deny, that the Complaint states a claim upon which relief may be granted, or that Plaintiff or any putative class member is entitled to any damages or any other relief sought in the Complaint. Nor do Defendants admit, and in fact they specifically deny, that a class can be certified.

48.     Defendants reserve all additional rights, including defenses and objections as to venue, personal jurisdiction, and service, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections. Defendants reserve the right to amend or supplement this Notice of Removal.

**V. REQUEST FOR ADDITIONALAL ARGUMENTS AND EVIDENCE IF NEEDED**

49.     In the event Plaintiffs file a motion or other request to remand, or the Court considers remand sua sponte, Defendants reserve all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, Defendants Continuum Health Alliance, LLC, and Consensus Medical Group, LLC, d/b/a Consensus Health, respectfully request that this action be duly removed from the Superior Court of New Jersey, Burlington County, Law Division, to this Court, and that it proceed herein.

Dated:  June 7, 2024

> Respectfully submitted,
>
> **GORDON REES SCULLY MANSUKHANI, LLP**
>
> By: */s/ Ronald A. Giller*
>     Ronald A. Giller, Esq.
>     Irma Katsman, Esq.